**DAVIS, Plaintiff-Appellee, v. CLELLAND, Defendant-Appellant.**

Ohio  Appeals,  Second  District,  Madison  County.

No.  172.   Decided  May  11,  1950.

Gerald A. Baynes, London, for plaintiff-appellee.
H. H. Crabbe, London, for defendant-appellant.

### OPINION

By  THE  COURT:

This is an appeal on questions of law from a judgment for the plaintiff for $750 and costs.

The action in behalf of the minor was instituted to recover the purchase price of a Chevrolet Town Sedan, 1939 model, for which the minor held the certificate of title, of date January 19, 1948, from Clelland and Mouser, the trade name of the business owned by the defendant.  The plaintiff plead a contract of purchase, election to rescind and a tender back of the property.  The answer after a general denial, averred that the automobile was purchased by Elmer M. Davis, the father of the minor, Elden Davis, and not by him.  At the conclusion of defendant's evidence the trial judge directed a verdict for the plaintiff on his motion, entered judgment thereon and overruled the motion for a new trial.

As a part of the defense, the defendant offered testimony

relating to the transaction and attending the sale of the automobile the purpose of which was to prove that Elmer M. Davis paid the purchase price and that the sale was made to him although the title was made to the minor, Elden Davis. The judge upon objection refused to admit this testimony to which ruling an exception was noted and the record was then completed and this proffered testimony is incorporated in the bill of exceptions.

There are four assignments of error, all of which are included in the claims that the court erred in refusing to admit the proffered testimony and in directing a verdict for the plaintiff.

The contention of the defendant as taken from his brief is that he "was making no claim to the title of the car and claimed no right or interest therein, on the other hand, the plaintiff was seeking to recover money which he claimed he had paid for the automobile and which the defendant claimed was paid by Elmer Davis, the father of the minor. The question of title is not involved. The only question is "who paid the money." In other words, it is the claim of the defendant that §6290-4 GC does not preclude him from asserting as a defense that the minor-plaintiff had no contract with him and, therefore, there was no contract which the minor could rescind.

If the claim of the defendant was supported by the evidence, it would establish that the father was entitled to take title to the automobile were it not for the fact that §6290-4 GC would intervene to prevent any court recognizing the assertion of any such right, claim or interest in the automobile in as much as the certificate of title from the defendant was made to the minor. The trial judge held that §6290-4 GC had application and precluded the acceptance of the evidence proffered by the defendant.

The material and controlling fact as to both errors assigned is found in the answer to the question to whom was the automobile sold? If the father purchased it, the defendant-dealer was required by law to deliver to him the certificate of title. Sec. 6290-3 GC. The source of the purchase money was immaterial as to the right of the defendant and did not fix the identity of the purchaser. The defendant had the full right to sell or not to sell to the minor but having elected, either personally or by his authorized agent, to make the assignment of the certificate of title to the minor he may not be heard in the absence of fraud, to say that the minor was not the purchaser. The assignment of the certificate of title, a formal written instrument, duly signed and acknowledged by the defendant,

recites that he "hereby sells all his right, title and interest in and to" the motor vehicle described to "Elden Davis, (Buyer)."

To permit the defendant to maintain that the father and not the son was the purchaser of the automobile requires not only that the right of the minor to title to the automobile be challenged in contravention of the provisions of §6290-4 GC but also that the terms of a written instrument be varied and the assignment of title including the formal acknowledgment thereon be impeached. **Baldwin v. Snowden, 11 Oh St 203,** Lemmon v. Hutchings, 1 O. C. C. 388.

Independent of the application of the controlling principles of law which we have just discussed, the facts developed in the record including the proffered testimony of the defendant, would not, in our judgment, make an issue upon the proposition urged by the defendant, viz; that the father advanced the purchase money for the automobile. **Hamden Lodge v. Gas Company, 127 Oh St 469.** The record is conclusive that the purchase price of the automobile was secured by a check of the minor drawn upon his own funds and by the proceeds of a loan from a finance company for which he signed a note as principal, his father signing the note with him to secure which the minor gave a mortgage on the automobile.

We recognize what seems to be an injustice to the defendant to permit the minor-plaintiff to possess and enjoy the use of the automobile for almost a year, drive it into a telephone pole and wreck it, then haul it into a yard and elect to rescind the whole transaction. However, this is not an equitable proceeding and is controlled entirely by legal principles under which a minor has the right as to contracts made during minority to affirm or disaffirm his contracts other than those for necessaries. Those who deal with a minor must do so charged with the knowledge of this controlling principle of law which, as here, may work some injustice in individual cases but affords, in general, the protection of minors against their own improvidence at a time when they are presumed to be incapable of protecting themselves.

The judgment will be affirmed. .

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.